UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 09-210 and NO. 99-396 |
| DONALD ELLERY CARTER | * | SECTION "F" |

ORDER AND REASONS

Before the Court is Donald Carter's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1]  For the reasons that follow, the motion is DENIED.

Background

Donald Ellery Carter, a federal prisoner, moves this Court to vacate, set aside, or correct sentence, based on ineffective assistance of counsel.

On May 3, 2000, Carter pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1). Carter was sentenced to ten years imprisonment and a supervised release term of five years. On September 10, 2007, Carter was released from

_____

[1]Carter submitted two identical motions to the Court, one concerning Criminal Action No. 99-396 and one for Criminal Action No. 09-210. Both motions are dealt with together by the Government's response and the Petitioner's reply papers and, thus, are dealt with together here.

1

federal custody to begin his five year period of supervised release.

In early 2009, an FBI confidential source purchased heroin from Carter on two occasions, on January 24 and April 27. On July 9, 2009, the FBI executed a warrant for Carter's arrest and found in his possession approximately 100 grams of heroin, $2,5700 in cash, 3 scales and a drug press used to mold heroin. The Government filed a rule to revoke Carter's remaining term of surprised release. On April 10, 2010, Carter pleaded guilty to one count of distribution of heroin under 21 U.S.C. §§ 841(a)(1),841(b)(1)(B), 841(b)(1)(C) and to a bill of information under 21 U.S.C. § 851(a) to establish Carter's prior conviction for possession with intent to distribute. This Court sentenced Carter to a ten year sentence for the heroin charge and five years for violating his supervised release term, to run consecutively. Counsel for Carter objected to the imposition of the maximum sentence for the supervised release violation, but offered no further objections.

Carter now seeks relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel.

I.

A federal prisoner may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section 2255(a) allows a prisoner in federal custody to challenge a sentence imposed in violation of the U.S. Constitution, including the Sixth

2

Amendment, which guarantees criminal defendants the right to assistance of counsel. Accordingly, a habeas petitioner may properly claim ineffective assistance of counsel as a grounds for challenging his sentence.

Ineffective assistance of counsel claims are analyzed under the test established in <u>Strickland v. Washington</u>, which requires the defendant to show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To satisfy the first prong of the test, a defendant must prove that counsel's conduct fell below an objective standard of reasonableness. <u>Id.</u> at 688. To satisfy the second prong, a defendant must prove a reasonable probability of a different result, but for counsel's errors. <u>Id.</u> at 694. Additionally, the court must presume "that counsel's conduct falls within the wide range of reasonable professional assistance . . . the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy." <u>Id</u>. at 689.

*A.*

When advising a client regarding a guilty plea, counsel must provide a defendant with an understanding of the law in relation to the facts such that the defendant can enter a knowing and voluntary plea. <u>U.S. v. Cavitt</u>, 550 F.3d 430, 440-41 (5th Cir. 2008)(quoting <u>Herring v. Estelle</u>, 491 F.2d 125, 128 (5th Cir. 1974)). To

3

determine if counsel's performance is deficient in regards to a plea agreement, the Court must determine whether counsel was familiar with the relevant facts and law such that his advice permitted the defendant to make an informed, voluntary plea. Cavitt, 550 F.3d at 441. To determine whether a defendant has ben prejudiced by counsel's advice regarding a plea bargain, the defendant must show that, but for counsel's advice, there is a reasonable probability he would not have pled guilty and would have instead gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

*B.*

Under 18 U.S.C. § 3583, a court may consider several factors set forth in § 3553(a) when sentencing a defendant for revocation of supervised release: the nature and circumstances of the offense and history of the defendant (§ 3353(a)(1)), affording adequate deterrence to criminal conduct (§ 3353(a)(2)(B)), protection of the public from further crimes of the defendant (§ 335(a)(2)(C)), and the provision of needed educational or vocational training, medical care or other correctional treatment to the defendant in the most efficient manner (§ 3353(a)(2)(D)). The Court may not, however, consider § 3353(a)(2)(A) factors and cannot sentence a defendant for revocation of supervised release "to reflect the seriousness of the offense, to promote respect for the law, and the provide just punishment for the offense." U.S. v. Miller, 634 F.3d 841, 844 (5th Cir. 2011).

4

II.

To prevail on his application for habeas relief, Carter must prove that defense counsel rendered ineffective assistance, as defined in Strickland v. Washington, 466 U.S. at 687. He has failed to do so.

*A.*

The petitioner first argues that counsel was ineffective by promising him that his sentences for heroin distribution and violation of his supervised release would run concurrently, and that counsel failed to inform him that the sentencing guidelines require consecutive sentences. Section 7B1.3(f) of the United States Sentencing Guidelines provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

While petitioner claims that counsel was deficient in not providing him this information, the petitioner makes no claims that counsel's advice actually prejudiced him. In fact, Carter never claims that had counsel told him his sentences would run consecutively and not concurrently, he would have opted not to plead guilty, and instead, would have proceeded to trial, where he faced a maximum sentence of life in prison. Notably, according to

5

the transcript of the rearraignment hearing, this Court informed the petitioner that he may receive a sentence of life in prison, a fine of $4 million and/or an eight year term of supervised release with a mandatory minimum sentence of 10 years in prison if he proceeded with trial.  The petitioner, under oath, indicated his understanding of his possible sentence and ultimately pled guilty, stating that he was guilty and was not influenced or persuaded to plead guilty because of any promises of leniency.  Therefore, not only does the petitioner not claim that he would have proceeded to trial if he knew his plea bargained prison sentence would last 15 years and not 10 years total, but it appears unlikely that this would have occurred, based on the petitioner's demonstrated understanding of his much greater maximum sentence had he proceeded to trial.  Thus, the petitioner fails to meet the second prong of Strickland regarding his first claim of ineffective assistance of counsel; he fails to prove that he was actually prejudiced by counsel's advice regarding his plea bargain offer.

*B.*

The petitioner next argues that this Court improperly relied on the factors set forth in 18 U.S.C. § 3353(a)(2)(A) when imposing a five-year prison sentence for his violation of supervised release to run concurrently with a ten-year prison sentence for distribution of heroin.  However, this Court never stated a reliance on the prohibited factors; instead, the Court considered

the factors allowed under § 3583. This Court considered the petitioner's history and character ("This is a bad person . . . He is a drug dealer, and he has returned to dealing drugs"), the need to afford adequate deterrence to criminal conduct ("If anybody is a role model, a paradigm of danger to this community, it is someone like the defendant"), and the need to protect the public from further crimes of the petitioner ("He is a danger to the community . . . the drugs that this defendant dealt are almost immediately addictive, life threatening, and constitute a part of a culture in this community that results in early deaths of young people . . . he is simply a bad risk and he is a danger to the community"). Therefore, Carter has failed to show that this Court considered the prohibited factors.

The petitioner argues that counsel was ineffective in failing to object to the alleged consideration of improper sentencing factors and, because of counsel's failure to object, his appeal to the Fifth Circuit was reviewed on a plain error standard. However, the petitioner has failed to demonstrate any error "plain or otherwise" to the Fifth Circuit. U.S. v. Carter, 428 Fed. Appx. 483 (5th Cir. 2011). Even if counsel had objected to the Court's supposed consideration of § 3553(a)(2)(A) factors, the outcome of the appeal would not have changed, and thus, the petitioner was not prejudiced by counsel's failure to object.

7

*C.*

Lastly, the petitioner contends that counsel was ineffective in failing to investigate possible character witnesses for the sentencing portion of his hearing. However, the petitioner, during the rearraignment hearing, described his satisfaction with counsel's performance and affirmed he had enough time to investigate all avenues of a defense with counsel. Further, before the Court imposed his sentence, Carter declined the opportunity to speak on his own behalf in favor of mitigation. Moreover, counsel's decision whether or not to call witnesses is typically a matter of strategy, and thus, not subject to an ineffective assistance of counsel claim. <u>Bray v. Quaterman</u>, 265 Fed. Appx. 296, 298 (5th Cir. 2008). To prevail on an ineffective assistance of counsel claim based on counsel's failure to call witnesses, a petitioner must name the witnesses and demonstrate that the witness was available to testify and would have done so, lay out the testimony of the witness and show the particular witness would be helpful to the defense. <u>Id</u>. The petitioner asserts that "numerous family and friends were willing to" either testify or write letters on his behalf; however, the petitioner does not provide the required details to demonstrate that the failure to call mitigating witnesses at his sentencing hearing constituted ineffective assistance of counsel.

Accordingly, Carter's § 2255 motion to vacate, set aside, or

8

correct sentence is DENIED.

New Orleans, Louisiana, February 21, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE